UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CASE NO.:

LUIS LOPEZ,

       Plaintiff,

vs.

UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC., AND KEVIN SCOTT WHITEHEAD,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, LUIS LOPEZ, for his Complaint against UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC. and KEVIN SCOTT WHITEHEAD states and alleges as follows:

SUMMARY

1. UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC. and KEVIN SCOTT WHITEHEAD (hereinafter "Defendants") required and/or permitted LUIS LOPEZ (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff, LUIS LOPEZ, is a FLSA non-exempt worker who was not fully compensated for the overtime hours he worked, as required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Georgia because Defendants engages in business here.

## THE PARTIES

6. Plaintiff, LUIS LOPEZ, is a resident of Lawrenceville, Georgia.

7. Defendant, UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC., is a domestic corporation operating in Buford, Georgia.  Service of process may be had on Defendant at 2242 Crimson King Drive, Gwinnett, Braselton, GA.

8. Defendant, KEVIN SCOTT WHITEHEAD, is a resident of Gwinnett, Braselton, Georgia.  Service of process may be had on Defendant at 2242 Crimson King Drive, Gwinnett, Braselton, GA.

## COVERAGE

9. Defendant, UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC., is an enterprise that engages in commerce or in the production of goods for commerce.

10.     Defendant KEVIN SCOTT WHITEHEAD was the managing agent of Defendant, UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC.; said Defendant acted and acts directly in the interests of the Defendant, UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC. Defendant, KEVIN SCOTT WHITEHEAD, effectively dominated UNLIMITED LANDSCAPING & TURF MANAGEMENT, INC., administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant, KEVIN SCOTT WHITEHEAD was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11.     Defendants, acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

12.     Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

13.     Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

### FACTUAL ALLEGATIONS

14.     Defendants are a landscaping company operating in Buford, Georgia.

15.     Plaintiff, LUIS LOPEZ, was employed by Defendants as a foreman on or about January of 2011 through on or about February 2, 2016.

16.     Defendants compensated Plaintiff a daily salary rate of $145.00.

17.     Defendant failed to compensate Plaintiff his time and a half premium for hours worked over forty in a workweek.

18.     Plaintiff worked anywhere from 40 to 55 hours per week for Defendant.

19. Regardless of the hours Plaintiff worked, Defendant compensated Plaintiff a flat daily salary of $145.00 without any overtime premiums.

## CAUSES OF ACTION

20. Plaintiff incorporates all allegations contained in the preceding paragraphs.

21. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

22. Defendants' failure to pay the full amount of overtime compensation owed to Plaintiff violates the FLSA.

23. Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

24. Additionally, Plaintiff is entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

25. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

26. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

27. Plaintiff is entitled to have the limitations period extended to three years because Defendants actions were willful.  29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully request judgment be entered in his favor awarding them:

A.  overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rates;

B.  an equal amount as liquidated damages as allowed under the FLSA;

C.  damages accrued for a three year period;

D.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E.  pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

Goldberg & Loren, PA
100 S. Pine Island Road-Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363